**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CONFEDERATE MOTORS, INC., | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| FRANCOIS-XAVIER TERNY, | ) | 10-CV-0919-S |
| An individual, and shareholders | ) | |
| NICK APOSTOMTOS, SAMIR BADER, | ) | |
| FRANK BASILE, BARCLAYS | ) | |
| CAPITAL INC, EDWARD BELL, | ) | |
| JOHN CALI,CENTURION | ) | |
| CAPITAL HEDGE FUND LP, | ) | |
| PAOLO CHIAIA, CITIGROUP | ) | |
| GLOBAL MARKETS INC, GEORGE | ) | |
| G COBLEIGH & BRENDA L LEWIS | ) | |
| JTTEN, ROBERT D'ANTON, ROMAIN | ) | |
| DAUMONT, BART DE GREGORIO, | ) | |
| GERARD DENTE, SALVATORE | ) | |
| FICHERA, FOCUS TECH | ) | |
| INVESTMENTS INC, THIERRY | ) | |
| FOURNIER, GABRIELLE GIARDINA, | ) | |
| CHRISTOPHER GIARDINA, | ) | |
| CHRISTOPHER GIARDINA, | ) | |
| SALVATORE P GIARDINA, | ) | |
| SEAN M. GOODRICH, BARRY | ) | |
| GUILINO, HARIRI FAMILY LIMITED | ) | |
| PARTNERSHIP, ARTHUR A HEBRON, | ) | |
| TIMOTHY HOOD, ANDREW HUNTER, | ) | |
| ANDY KAMEL, EDWARD KOOPMAN, | ) | |
| JOSEPH LOBUONO, MAGID & CO, | ) | |
| ED JACOBS, ANTHONY MARINO, | ) | |
| JOE MARILLO, MERILL LYNCH | ) | |
| OLDENWAY 1, OLDENWAY 2, | ) | |
| VINCENT PACE, DANIEL PACTHOD, | ) | |
| PENSON FINANCIAL SERVICES INC, | ) | |
| MARC PERRIN, DARREN PRINCE | ) | |
| SAVERIO PUGLIESE, RBC TRUSTEES | ) | |
| (CI) LIMITED, DENNIS RODMAN, | ) | |
| RSC AFFILIATED BUSINESSES, LLC, | ) | |
| LAURENCE RUDOLPH, SC IENA, | ) | |
| SCOTTRADE INC, LAURENCE | ) | |

1

| | |
|---|---|
| TORSIELLO, MARC E WEXLER, | ) |
| WILLIAM WOLKSTEIN, | ) |
| Shareholders Of | ) |
| CONFEDERATE MOTORS, INC. | ) |
| | ) |
| DEFENDANTS. | ) |

**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now the Plaintiff, Confederate Motors, Inc., and in support of its claim for relief against the Defendants and shows unto the Court as follows:

**SUMMARY OF ACTION**

1. On or about March 16, 2010 the Plaintiff met with Defendant Terny, a shareholder and putative Director of the Plaintiff Corporation, regarding a proposed new motorcycle line, the appointment of new Directors, the acceptance of a relocation loan, in the amount of seven hundred and fifty thousand ($750,000) dollars, from the City of New Orleans and the return of the corporation to its original principal place of business, New Orleans, Louisiana.  At that time Defendant Terny stated he was opposed to all of the proposals and asserted that the Board of Directors could not move forward with any action without his consent and approval. Furthermore, Defendant Terny asserted that the Chairman of the Board could not appoint Directors without a shareholder vote.  The unilateral action by the Chairman to appoint at least a majority of the Board during his five year tenure was a subject of great contention at the aforementioned meeting.  The Chairman of CMI and Defendant Terny held discussions regarding the Bylaws and the SEC form 8K (see Exhibits 'A' and 'B' attached hereto).  Defendant Terny and his

2

attorney maintained their contrary position despite the presentation of evidence regarding the Defendant's own appointment by the Chairman of CMI (see Exhibit 'C' attached hereto). Defendant Terny was appointed by the same power he now contends the Chairman lacks. The Plaintiff needs the funds from the loan to effect the relocation and production of the new motorcycle. The terms of the loan are extremely favorable to CMI given the current state of the national economy, and the Defendant has been aware of the loan and the plan to relocate for several months. Only when the loan was approved by the New Orleans City Council did Defendant Terny begin to raise objections. On January 5, 2010, Defendant Terny resigned as a Director and as a consultant of CMI (see Exhibit 'D' attached hereto). On April 5, 2010, Plaintiff accepted said resignation in writing (see Exhibit 'E' attached hereto). Plaintiff CMI seeks to appoint directors in accordance with its rights and obligations and will be harmed including but not limited to, the loss of a $750,000 loan and devaluation of its shares. The plaintiff also requests the return of 505,000 shares of common stock from Terny for Terny's violation of his consulting agreement.

## THE PARTIES

2. Plaintiff, CONFEDERATE MOTORS, INC. (hereinafter 'CMI'), is a Delaware corporation, properly registered to conduct business in Alabama, with its principal place of business in Jefferson County, Alabama.

3. Defendant, FRANCOIS-XAVIER TERNY (herein after referred to as "Terny"), is an individual and a shareholder of CMI and may or may not be a Director of CMI. Terny is a resident of France.

4. All other Defendants are other shareholders of CMI who may be affected by said

agreement and are listed specifically and served individually under the certificate of service below.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter on the basis of diversity of parties and amount in controversy which exceeds seventy five thousand dollars pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this Court based on the Plaintiff's principal place of business is located within the Northern District of Alabama, Southern Division, and the acts and/or omissions which form the basis of this civil action occurred in Birmingham, Alabama.

7. This Court has power to declare the rights or legal relations of the parties with respect to the attached documents at issue in this case pursuant to 28 U.S.C. § 2201.

## COUNT I

8. Plaintiff, CMI repeats and realleges paragraphs one through seven of this complaint for declaratory judgment as if fully set forth herein.

9. An actual and justiciable controversy between the parties with adverse interests exists regarding the terms of the subject agreement. CMI alleges that Defendant Terny is breaching his duty of care to the Plaintiff and improperly attempting to deadlock the corporation in an attempt to drive down the share value of CMI and gain control of same.

10. CMI states that the documents and agreements give the authority for the president H. Matthew Chambers to appoint a majority of the members of the Board of Directors.

11. Defendant Terny's intentional actions are currently preventing plaintiff from obtaining the $750,000 loan necessary to maintain operation and transfer its corporate office back to its original location in New Orleans, Louisiana.

WHEREFORE, PREMISES CONSIDERED, CMI, respectfully requests that the Court take the following action:

1. That this Honorable Court will take jurisdiction of this cause and upon a final hearing of this cause, that this Honorable Court will ORDER, ADJUDGE, DECLARE and DECREE as follows:

    a. Declare the rights, duties, obligations, status and legal relations of the Plaintiff and Defendant under the subject agreements and corporate documents.

    b. Order, Adjudge and Decree that the Defendant comply with the subject agreements and corporate documents.

2. That the Court issue an Order directing the Defendant to comply with the terms of the subject agreements and corporate documents.

3. Plaintiff, CMI, requests such further, other and different relief to which it may be entitled, and offers to do equity, and further requests that if it be mistaken in any special relief herein sought, then it requests such other, further and different general relief to which it may be entitled.

## COUNT II

12. Plaintiff incorporates herein by reference all paragraphs above, as if fully restated herein.

13. The plaintiff has the right to appoint directors, through its Chairman, under the above corporate documents and agreements.

14. In the alternative, should the court determine that the plaintiff does not have the right to appoint said directors, through its chairman, the plaintiff appointed the defendant under this authority.

15. If the plaintiff does not have this authority then it has never had this authority and states that the court should void any and all previous appointments under this authority.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Confederate Motors, Inc., respectfully requests that the Court take the following action:

1. That this Honorable Court will take jurisdiction of this cause and upon a final hearing of this cause, that this Honorable Court will ORDER, ADJUDGE, DECLARE and DECREE as follows:

    a.  Declare the rights, duties, obligations, status and legal relations of the Plaintiff and Defendants under the subject agreement.

    b.  Order, Adjudge and Decree that the Defendant is not a director should the Court find that the plaintiff does not have the power to appoint directors, through its Chairman, under the corporate documents and agreements.

2. That the Court issue an Order outlining the rights of the plaintiff, the proper appointment procedure for directors, and the names of all current and valid director according to the corporate documents, appointments, and agreements.

3. Plaintiff, Confederate Motors, Inc., requests such further, other and different relief to which it may be entitled, and offers to do equity, and further requests that if it be mistaken in any special relief herein sought, then it requests such other, further

and different general relief to which it may be entitled.

## COUNT III

16. Plaintiff incorporates herein by reference all paragraphs above, as if fully restated herein.

17. Defendant Terny has a consultant agreement with CMI (see Exhibit 'F' attached hereto).

18. Under that agreement Defendant Terny has the responsibility to bring business to CMI and, thereby, increase stock value.

19. Defendant Terny has breached that contract and his duty of good faith to Plaintiff CMI.

20. Defendant Terny received 505,000 shares of stock under the consultant agreement which shares are currently valued between $1 a share and $1.50 a share and the Plaintiff seeks the return of those shares for Terny's violation of the consulting agreement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Confederate Motors, Inc., respectfully requests that the Court take the following action:

1. That this Honorable Court will take jurisdiction of this cause and upon a final hearing of this cause, that this Honorable Court will ORDER, ADJUDGE, DECLARE and DECREE as follows:

   a.    Declare the rights, duties, obligations, status and legal relations of the Plaintiff and Defendant Terny under the subject agreement concerning Defendant Terny's responsibility under the Contract and whether that responsibility has been breached.

    b.      Order, Adjudge and Decree that Defendant Terny must return the shares of stock to CMI for breach of said agreement.

2. That the Court issue an Order outlining the rights of the plaintiff, the stock held by the defendant after any adjustments and the stock held by plaintiff after any and all adjustments.

3. Plaintiff, Confederate Motors, Inc., requests such further, other and different relief to which it may be entitled, and offers to do equity, and further requests that if it be mistaken in any special relief herein sought, then it requests such other, further and different general relief to which it may be entitled.

Respectfully submitted,

/s/ G. Chance Turner_____
G. Chance Turner (ASB-4942-T75T)
2 North 20th Street, Ste. 1150
Birmingham, AL 35203
turnerlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2010 a true and correct copy of the foregoing was delivered, via certified mail, to all parties as follows:

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.
SEE FOLLOWING PAGES.

/s/ G. Chance Turner_____
OF COUNSEL